## In the Matter of the Application of JULIUS H. WHITE and Others for Authority to Sell Trust Property.

Supreme Court, Monroe County, January 6, 1930.

*Judson A. Parsons,* for the petitioners.

*Charles Van Voorhis,* special guardian for Edith Marie White, Julius H. White, Jr., and Jean Emily White.

RODENBECK, J. I find no objection to the granting of this application. It comes within the authority of the trust agreement which contemplated the situation that has arisen, where a unanimity of action could not be secured for a sale of the business. An application to sell the trusteed stock is, therefore, warranted, and a sale to the corporation itself justified. The stock came, originally, from the main *cestui qui trust* and they acquiesce in its present sale. It is the only course open to safeguard the interests of the beneficiaries. The business in which the stock is held is declining, not due to mismanagement, and, if a sale is not made, the income and trust fund will be jeopardized. Something must be done, and, as a sale of the entire business seems impracticable, and is opposed, the sale of the stock to the company seems the only way out. No other purchaser can be found, and a disposition should be made at once. All of the stockholders and directors of the company are agreeable to this sale. Two of the trustees have a share each in the corporation, and the third has thirty shares. This latter interest presents no legal obstacle, since the stockholder has an individual interest to protect and there is not the slightest advantage

to him in the transaction. He is no better off financially and the company has no better standing after than before the sale. It has stock in place of cash. The beneficiaries will not be dependent upon a hazardous, declining business, and the remaining stockholders will be in a position to reorganize the business and take chances that the trustees could not safely take. The trustees are fully justified in getting out of the business, a course that the trust agreement contemplated might be necessary. It is fortunate that the company is in a position to purchase this stock, and thus enable the trustees to safeguard the trust fund from depreciation and loss. The transaction is highly desirable, and it is fortunate that the law and the facts permit of its consummation. The amount of the sale is so beneficial to the beneficiaries that it is unnecessary to refer to it. Application granted.